UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**CAROL MENENDEZ,**

    **Plaintiff,**

vs.                                                    Case No.:

**NAPLES COMMUNITY HOSPITAL, INC.,**
a Florida Not For Profit Corporation,

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, CAROL MENENDEZ, by and through her undersigned counsel, sues the Defendant, NAPLES COMMUNITY HOSPITAL, INC., a Florida Not For Profit Corporation, hereinafter referred to as "NCH" or "Defendant" and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Fort Myers Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff, CAROL MENENDEZ, timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR) on or about December 16, 2019.

1

5. More than 180 days has passed since the filing of her charge.

6. Plaintiff has received the Notice of Right to Sue from the EEOC.

7. Defendant, NCH, is an employer as defined by the laws under which this action is brought and employ the required number of employees.

## PARTIES

8. Plaintiff, CAROL MENENDEZ, is a resident of Naples, Collier County, Florida.

9. Defendant, NCH, is a Florida Not For Profit Corporation, authorized to and conducting business in the State of Florida and conducting business in this judicial district.

## GENERAL ALLEGATIONS

10. At all times material herein, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

11. At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

12. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

13. Plaintiff, CAROL MENENDEZ, is 68 years old.

14. Plaintiff worked for Defendant for approximately 16 years. For the past six years, Plaintiff had worked as a Registered Nurse in Respondent's North Collier Hospital Emergency Department beginning on or around January 28, 2013. Since that time, Plaintiff had performed her job without incident. Beginning in or around November 2015 to present, Plaintiff began working at Respondent's Naples Community Hospital Northeast. In this role, Plaintiff was the oldest of her group.

15. In or around 2018, Plaintiff reported air quality issues in certain patient rooms, which was exacerbating her asthma. After being assigned to those rooms, Plaintiff was hospitalized for respiratory failure, for which she took FMLA leave in or around June 2018. Upon returning from leave, Plaintiff noticed that the rooms which she had complained about were sealed with plastic and she was written up for an alleged incident which supposedly occurred before her leave.

16. Since returning from leave in or around August 2018, Plaintiff had been ridiculed, ostracized, left out of "huddles," falsely accused of incorrectly completing tasks, and bullied.

17. On or around June 6, 2019, Plaintiff complained to the Director of Emergency Services, Betsy Novichisch, about the bullying by her colleagues and managers.

18. On or around July 11, 2019, Ms. Novichish, along with a Human Resources Representative and other directors, called Plaintiff and accused her of suffering from early onset Alzheimer's and/or cognitive decline.

19. On or around July 14, 2019, Plaintiff was sent to Respondent's Employee Health department, who again told Plaintiff that they believed she had early onset Alzheimer's. As a result, Plaintiff was suspended without pay until her doctors could show that she did not have Alzheimer's. Plaintiff used all her PTO, was not allowed to return to work, and was without an income due to her suspension until on or around December 9, 2019.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 – DISABILITY DISCRIMINATION

20. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 19.

21. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

22. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job with Defendant.

23. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated Plaintiff because of her disability, record of a disability and/or perceived disability.

24. The above described acts of disability discrimination constitute a violation of the ADAAA for which Defendant is liable.

25. Defendant's unlawful and discriminatory employment practices toward Plaintiff was intentional.

26. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, CAROL MENENDEZ, prays for judgment against Defendant, NCH, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

27. Plaintiff realleges and adopts the allegations stated in paragraphs 1 – 19.

28. Plaintiff suffered an adverse employment action for opposing Defendant's discriminatory treatment of her medical condition and for requesting an accommodation, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

29. The above described acts constitute retaliation, in violation of the ADAAA.

30. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, CAROL MENENDEZ, prays for judgment against Defendant, NCH, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

31. Plaintiff realleges and adopts the allegations stated in paragraphs 1 –19.

32. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

33. Plaintiff is an individual with a disability.

34. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

35. The above described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

36. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

37. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, CAROL MENENDEZ, prays for judgment against Defendant, NCH, and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

38. Plaintiff realleges and adopts the allegations stated in paragraphs 1 –19.

39. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.  Specifically, Plaintiff was terminated after opposing discriminatory behavior toward her and after requesting an accommodation.

40. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

41. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, CAROL MENENDEZ, prays for the following damages against Defendant, NCH:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Costs and attorney=s fees;

    g. Punitive damages; and

    h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

42. Plaintiff requests a jury trial for all issues so triable.

**DATED** this 12th day of November, 2020.

                                **FLORIN GRAY BOUZAS OWENS, LLC**

                                */s/ Miguel Bouzas*
                                **MIGUEL BOUZAS, ESQUIRE**
                                Florida Bar No.: 48943
                                miguel@fgbolaw.com
                                Secondary:     gina@fgbolaw.com
                                **WOLFGANG M. FLORIN, ESQUIRE**
                                Florida Bar No.: 907804
                                wolfgang@fgbolaw.com
                                16524 Pointe Village Drive, Suite 100
                                Lutz, FL 33558
                                Telephone (727) 254-5255
                                Facsimile (727) 483-7942

                                *Trial Attorneys for Plaintiff*