UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROL MENENDEZ,

    Plaintiff,

v.                                                       Case No.:  2:20-cv-898-SPC-MRM

NAPLES COMMUNITY
HOSPITAL, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Undersigned *sua sponte* following a review of the docket.  Plaintiff has failed to comply with or respond to this Court's Orders despite being specifically warned that such failure may result in the dismissal of her action.  Thus, upon review of the docket and for the reasons stated herein, the Undersigned recommends that Plaintiff's Complaint (Doc. 1) be **DISMISSED without prejudice**.

## RELEVANT PROCEDURAL HISTORY

A review of the relevant procedural history is instructive.  On August 17, 2021, the Court entered an Order granting an Unopposed Amended Motion to Withdraw as Counsel of Record for Plaintiff, Carol Menendez.  (Doc. 28).  In that Order, based on Plaintiff's counsel's request, (*see* Doc. 27 at 2), the Court afforded Plaintiff forty-five (45) days in which to obtain new counsel or notify the Court that she chose to proceed *pro se*.  (Doc. 28 at 3).  The Court cautioned Plaintiff that if she

failed to comply with the Order, the Court may dismiss her action. (*Id.* at 3). Plaintiff failed to respond to the August 17, 2021 Order.

Because Plaintiff failed to respond to the August 17, 2021 Order, the Court entered an Order to Show Cause on October 4, 2021. (Doc. 30). The Order to Show Cause required Plaintiff to show good cause in writing no later than October 19, 2021, why she failed to comply with the August 17, 2021 Order. (*Id.*). Additionally, the Court again ordered Plaintiff to secure new counsel and have counsel file a notice of appearance or file a written notice that she intends to proceed *pro se*. (*Id.*). Moreover, the Court cautioned Plaintiff that if she failed to comply with the October 4, 2021 Order to Show Cause, then the Undersigned would recommend that this action be dismissed for failure to prosecute. (*Id.*). Plaintiff failed to comply.

## LEGAL STANDARD

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

or contumacious conduct by the plaintiff.'" *Id*. (citing *Martin-Trigona*, 627 F.2d at 682).  The Eleventh Circuit continued that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id*. (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ*., 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)).  The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id*. (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).  Nevertheless, if the Court dismisses the action without prejudice, the standard is less stringent "because the plaintiff would be able to file [the] suit again."  *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (alteration in original) (quoting *Boazman v. Econ. Lab., Inc*., 537 F.2d 210, 212-13 (5th Cir. 1976)).

Additionally, Local Rule 3.10 states that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10.

## ANALYSIS

While dismissal for failure to prosecute is a harsh sanction, the Undersigned can only conclude that Plaintiff's failure to comply timely with this Court's prior Orders and to heed the Court's instructions is willful.  *See McKelvey*, 789 F.2d at 1520.

Specifically, on August 17, 2021, the Court entered an Order granting an Unopposed Amended Motion to Withdraw as Counsel of Record for Plaintiff, Carol Menendez. (Doc. 28). In that Order, based on Plaintiff's counsel's express request, (*see* Doc. 27 at 2), the Court afforded Plaintiff forty-five (45) days in which to obtain new counsel or notify the Court that she chose to proceed *pro se*. (Doc. 28 at 3). The Court cautioned Plaintiff that "**[a]ny failure to comply with this Order may subject the offending party to dismissal, default, or other sanctions, as appropriate.**" (*Id.* at 3 (emphasis in original)). Plaintiff failed to comply with or respond to the August 17, 2021 Order.

Thus, the Court entered an Order to Show Cause on October 4, 2021, requiring Plaintiff to, no later than October 19, 2021: (1) show good cause in writing as to why she failed to comply with the Court's August 17, 2021 Order; and (2) secure new counsel and have counsel file a notice of appearance or file a written notice stating that she intends to proceed *pro se*. (Doc. 30). The Court again cautioned Plaintiff that "[f]ailure to respond to this Order will result in the Undersigned recommending to the presiding United States District Judge that the action be dismissed for failure to prosecute." (*Id.*). Plaintiff failed to comply.

In sum, Plaintiff failed to respond to or comply with: (1) the Court's August 17, 2021 Order providing Plaintiff with forty-five (45) days to obtain new counsel or file a notice stating her intent to proceed pro se, (Doc. 28); and (2) the Court's October 4, 2021 Order to Show Cause requiring Plaintiff to show good cause for her

4

failure to comply with the Court's prior Order and secure new counsel and have counsel file a notice of appearance or file a written notice stating that she intends to proceed *pro se*, (Doc. 30). Moreover, Plaintiff failed to respond despite the Court's unambiguous warnings of potential dismissal. (*See* Docs. 28, 30).

The Undersigned can only find that Plaintiff's failure to comply with this Court's repeated Orders is willful.

Notably, a dismissal without prejudice amounts to a dismissal with prejudice if the statute of limitations bars the plaintiff from refiling the complaint. *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir.1976)). Notwithstanding any potential risk that Plaintiff's claims may be barred by statutes of limitations, the Undersigned recommends dismissal without prejudice so Plaintiff can re-assert any claim not barred by a statute of limitations. Additionally, any risk that Plaintiff's claims may be barred by statutes of limitations does not overcome the Undersigned's finding that dismissal is appropriate in light of the above finding that Plaintiff's repeated failures to comply with the Court's Orders were willful.

Moreover, the Undersigned finds that lesser sanctions will not suffice. The instant litigation has been ongoing for nearly a year and Plaintiff's refusal to engage in the prosecution of her case has caused an unacceptable delay in the resolution of the action. (*See* Docs. 1, 28, 30). The Court directly ordered Plaintiff to comply with her obligations in this case multiple times and Plaintiff entirely ignored those Orders.

5

(*See, e.g.*, Docs. 28, 30).  Moreover, those Orders expressly warned that failure to comply may result in dismissal of Plaintiff's claims.  (*See id.*).  If the express warning of the potential for dismissal for failure to prosecute is insufficient to convince Plaintiff to actively prosecute her case and comply with Court Orders, the Undersigned finds that any lesser sanction is highly unlikely to secure Plaintiff's compliance.

Accordingly, because Plaintiff's noncompliance with the Court's Orders has been willful and because lesser sanctions would be ineffective, the Undersigned recommends that Plaintiff's case be dismissed without prejudice.

Additionally, by failing to respond whatsoever to the Court's Order to Show Cause, Plaintiff has also failed to demonstrate due diligence and just cause for her delay as required by Local Rule 3.10.  *See* M.D. Fla. R. 3.10.  Thus, dismissal is appropriate.  *See id.*

## CONCLUSION

For the foregoing reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Complaint (Doc. 1) be **DISMISSED without prejudice** for failure to comply with the Court's Orders and failure to prosecute; and
2. The Clerk of Court be directed to terminate all pending motions and to close this case.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on October 20, 2021.

Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties